MICHAEL FEUER (SBN 111529)
CITY ATTORNEY
*mike.feuer@lacity.org*
JAMES P. CLARK (SBN 64780)
CHIEF DEPUTY CITY ATTORNEY
*james.p.clark@lacity.org*
CITY OF LOS ANGELES
200 N. Main Street, Room 800
Los Angeles, CA  90012
Telephone:  (213) 978-8100

*Attorneys for Plaintiff the City of Los Angeles*

STEVEN J. OLSON (SBN 182240)
*solson@omm.com*
ELIZABETH L. MCKEEN (SBN 216690)
*emckeen@omm.com*
ROBERT M. SWERDLOW (SBN 200266)
*rswerdlow@omm.com*
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:  (213) 430-6000

*Attorneys for Defendants JPMorgan Chase & Co.;*
*JPMorgan Chase Bank, N.A.; and Chase Manhattan*
*Bank USA, N.A.*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LOS ANGELES, a municipal corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; and CHASE MANHATTAN BANK USA, N.A.,<br><br>              Defendants. | No. 2:14-CV-04168-ODW (RZx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER ON STIPULATION REGARDING CONFIDENTIAL INFORMATION<br><br>DISCOVERY MATTER |

The following terms of the Stipulation Regarding Confidential Information submitted by Plaintiff City of Los Angeles and Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Chase Manhattan Bank USA, N.A., meet with the approval of the court.

**IT IS HEREBY ORDERED THAT:**

**PURPOSES AND SCOPE**

1.      Disclosure and discovery activity in this Litigation are likely to involve production of confidential, proprietary, or private information of the parties and third-parties for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation is warranted.  The unrestricted disclosure of such information would cause undue damage to the parties, their businesses, and third-parties.  Accordingly, the parties in this action hereby stipulate to and petition the Court to enter the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections outlined herein extend only to the limited information or items that are entitled to treatment as confidential under applicable legal principles.

2.      The parties further acknowledge, as set forth in paragraph 16, that this Protective Order creates no entitlement to file Confidential Information, as defined in paragraph 4, under seal.  Local 79-5.1 and the Pilot Project for the Electronic Submission and Filing of Under Seal Documents for the Central District of California, where applicable, set forth the procedures that must be followed, and reflect the standards that will be applied, when a party seeks permission from the Court to file material under seal.

3.      This Order shall govern all materials produced as part of a party's Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1), produced in connection with this Litigation, or produced in response to any discovery request in the

- 1 -

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

Litigation (including, but not limited to, documents, deposition transcripts, interrogatory responses, and responses to requests for admission) to any party or non-party subpoena; all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively, "Discovery Materials").

## DESIGNATING CONFIDENTIAL MATERIAL

4.   Any party or non-party may designate as confidential (by stamping the relevant page "Confidential" or as otherwise set forth herein) any Discovery Materials which that party or non-party ("Designating Party") considers in good faith are confidential because they include any of the following: (a) individual personal information that is protected from disclosure under state or federal law (including identifying personal financial information); (b) trade secrets; (c) confidential financial information that, if disclosed to the general public or competitors of the Designating Party, could reasonably be expected to cause identifiable, significant harm to the Designating Party; (d) confidential underwriting and pricing models or criteria; (e) competitive compensation structures or information regarding individual employee compensation; or (f) information that the Designating Party has a duty to a third-party or to the court to maintain as confidential (collectively, "Confidential Information").  The parties respectfully submit that good cause exists to protect these narrow categories of information as confidential.  *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (protective order appropriate to protect "trade secrets, financial information, and third-party medical or personnel information"); *Humboldt Baykeeper v. Union Pac. R. Co.*, 244 F.R.D. 560, 563 (N.D. Cal. 2007) (protective order appropriate where "disclosure … would cause an identifiable, significant harm"); *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) (protective order appropriate to protect individuals' personal information); *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (protective order appropriate to protect "trade secrets and confidential information"

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

the "public dissemination" of which would cause "great economic harm").  The parties also respectfully note that this showing of good cause is identical to that in the entered protective order in the related lawsuit, *City of Los Angeles v. Wells Fargo & Co. and Wells Fargo Bank, N.A.*, No. 13-cv-09007-ODW (RZx), in the Central District of California.

5.     Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.  The parties agree, however, that confidentiality designations initially may be made at the document level, not the page level (each page of any documents so designated shall still be stamped "Confidential").  If a party challenges all or any part of the confidentiality designation with respect to any Discovery Materials, or if a party provides notice that it intends to file any Discovery Materials, the Designating Party shall re-designate such Discovery Materials, as appropriate to address the non-disclosing party's challenge or notice, on a page-by-page basis with respect to any portion to be designated "Confidential."  If the Designating Party does not re-designate such Discovery Materials on a page-by-page basis within 15 business days of receiving the non-disclosing party's challenge or notice of intent to file, then the confidentiality designation shall be deemed withdrawn.  If a party is producing a large volume of multi-page consumer loans documents likely to contain Confidential Information, in circumstances in which it may impose an undue burden to conduct a page-by-page or document-by-document review for Confidential Information, the Designating Party may designate all such documents as Confidential, subject to challenge and notice as set forth herein.

6.     The Designating Party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition.  Additionally the Designating Party may designate in writing, within 30 days after service of said responses or receipt of

- 3 -

the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information.  Any other party may object to such proposal, in writing or on the record.  Deposition transcripts shall be treated in their entirety as Confidential Information for 30 days after receipt, unless a motion is due to be filed, in which case the 30-day period expires five days prior to the motion filing deadline.  If a transcript is received within five days prior to a motion filing deadline, the transcript shall be treated as Confidential Information until two court days prior to the motion filing deadline.  All parties shall affix the Confidential legend required by paragraph 4 on each page of the deposition transcript designated Confidential Information at the deposition or by subsequent written notice.

7.     In the event that a party believes that any Discovery Materials produced by a Designating Party contain its own Confidential information, such party (the "Designating Party") may request, by notice in writing to the parties, that such documents be considered Confidential under the terms of this Protective Order. Absent any challenges to said request, such documents shall be considered so designated.  Any challenges to such designation shall follow the procedure outlined below and shall in all respects be considered as if the Designating Party produced the material in the first instance with the designation.

8.     To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("computerized material") is produced in a native or other form such that it cannot be stamped as described in the preceding paragraphs, the Designating Party may designate such matter as Confidential by cover letter referring generally to such matter and by labeling such media accordingly.

- 4 -

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

9.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

10.     A party or non-party's inadvertent failure to timely designate any Discovery Materials as Confidential Information does not waive a party's right to secure protection under this Order for such material.  At any time, the Designating Party may designate Discovery Materials as Confidential Information by providing written notice to the receiving party.  Upon receiving notification of the designation, the receiving party must make reasonable efforts to assure that the Confidential Information is treated in accordance with the provisions of this Order going forward.

11.     A party or non-party's failure to designate Discovery Materials as Confidential Information does not constitute forfeiture of a claim of confidentiality as to any other Discovery Materials.

## NONDISCLOSURE OF CONFIDENTIAL INFORMATION

12.     Except with the prior written consent of the Designating Party, or as otherwise permitted pursuant to this Protective Order, Discovery Materials designated Confidential Information shall only be used for the purpose of this Litigation, the related lawsuit brought against Defendants in the Central District of California by the Los Angeles Unified School District (No. 14-cv-7369), and any lawsuit that the Court formally relates to this action ("Related Litigation"), including any direct appeals from such lawsuits, and not for any other present or future disputes, proceedings or litigation, or any other business, commercial, competitive, personal, private, public, or other purpose whatsoever.  Should additional litigation be filed against Defendants that a party believes should also be designated as related litigation in which Confidential Information may be used, the parties will meet and confer in good faith regarding the issue.

- 5 -

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

**PERMISSIBLE DISCLOSURES**

13.     Discovery Materials designated Confidential Information in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary in connection with this Litigation or Related Litigation, as defined in paragraph 12:

a.     counsel for the parties to this Litigation or Related Litigation, including in-house counsel, co-counsel, and their associated attorneys, paralegals, and other professional personnel provided they are assisting such counsel with this Litigation or Related Litigation, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

b.     persons or entities that provide litigation support services (*e.g.*, photocopying; e-discovery processing and hosting vendors; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors, provided they are assisting with this Litigation or Related Litigation, and have been advised by such counsel of their obligation hereunder;

c.     any officer, employee, or contractor of a party, to the extent deemed necessary by counsel for the prosecution or defense of this Litigation or Related Litigation;

d.     outside consultants or expert witnesses retained or consulted in connection with this Litigation or Related Litigation and individuals employed or engaged by them, provided that each such person shall execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

e.     other witnesses who may testify at a deposition, hearing, or at trial, provided that such witnesses shall execute a copy of the certification annexed to

- 6 -

1     this Protective Order as Exhibit A before being shown or given any Confidential

2     Information;

3            f.     an officer before whom a deposition is taken, including

4     stenographic reports and any necessary secretarial, clerical, or other personnel of

5     such officer;

6            g.     the original authors or recipients of the Confidential Information;

7            h.     the Court, court personnel, and court reporters; and

8            i.     any other person provided that (i) the Designating Party has

9     consented in writing to disclosure to such other person(s) and (ii) such person(s)

10    shall execute a copy of the certification annexed to this Protective Order as Exhibit A

11    before being shown or given any Confidential Information.

12                        **RESOLVING DISPUTED CLASSIFICATIONS**

13           14.    Should a party wish to object to a confidential designation of any

14    Discovery Materials (the "Objecting Party"), the Objecting Party shall notify the

15    Designating Party in writing of the basis for the dispute (the "Designation

16    Objection").  In its Designation Objection, the Objecting Party shall particularly

17    identify the specific Discovery Materials as to which the designation is disputed (*i.e.*,

18    by document bates numbers, deposition transcript page and line reference, or other

19    means sufficient to locate such materials).

20           a)     Within 10 business days of receiving the Designation Objection,

21    the Designating Party and the Objecting Party shall meet and confer in good faith to

22    attempt to resolve the dispute without involvement of the Court.

23           b)     If no resolution is reached, this Order shall be without prejudice

24    to the right of the parties (i) to bring before the Court through a jointly filed

25    stipulation, pursuant to Local Rules 37-1 and 37-2 governing discovery disputes, at

26    any time the question of whether any particular document or information is

27    confidential or whether its use should be restricted or (ii) to present a motion to the

28

Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

   c) Pending a ruling by the Court, the disputed designation shall continue to be treated as Confidential Information under the terms of this Protective Order.  Nothing in this Protective Order shall be deemed to prevent the Designating Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Materials that is found to no longer constitute Confidential Information.

**SUBPOENA BY OTHER COURTS OR AGENCIES**

  15. If at any time any Confidential Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Designating Party within five business days.  After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed.  If the person seeking to maintain confidentiality does not move for a protective order or other legal intervention within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such action to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto.

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

1

**FILING DOCUMENTS UNDER SEAL**

2     16.     No Confidential Information shall be filed in the public record without

3  the written permission of the Designating Party, or a court's order.  The parties shall

4  comply with L.R. 79-5.1 and the Pilot Project for the Electronic Submission and

5  Filing of Under Seal Documents for the Central District of California, where

6  applicable.

7     17.     Copies of any pleading, brief, or other Discovery Materials containing

8  Confidential Information which are served on opposing counsel shall be delivered in

9  a sealed envelope stamped:

10        CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

11  and shall be treated in accordance with the provisions of this Protective Order.

12     **CONFIDENTIAL INFORMATION AT TRIAL OR HEARINGS**

13     18.     The restrictions, if any, that will govern the use of Confidential Material

14  at trial or hearings, will be determined at a later date by the Court, in consultation

15  with the parties.

16     **INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION**

17     19.     If a party or its counsel inadvertently discloses Confidential Information

18  to persons who are not authorized, pursuant to this Order, to use or possess the

19  Confidential Information, the party who inadvertently disclosed the Confidential

20  Information shall (i) provide prompt written notice of the disclosure to the

21  Designating Party upon learning of its inadvertent disclosure; and (ii) seek the

22  immediate return of the Confidential Information from the unauthorized party in

23  possession of the Confidential Information or secure their agreement to abide by the

24  protections of this Order.

25

26

27

28

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

## ACTIONS TO PROTECT AGAINST UNAUTHORIZED DISCLOSURE OF PERSONALLY IDENTIFIABLE INFORMATION

20.     In the event that the Court determines that there is an actual or threatened breach of this Order by a party who received Confidential Information that contains personally identifiable information (*e.g.*, private contact information, personally identifiable financial information, etc.), the parties agree that the Designating Party would not have an adequate remedy at law regarding the unauthorized disclosure of such personally identifiable information and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the party may be entitled at law or in equity.

## NON-TERMINATION

21.     All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Litigation.  Upon the conclusion of the Litigation, including any appeals, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, shall either (a) return such documents no later than 60 days after conclusion of this action to counsel for the Designating Party, or (b) destroy such documents within 60 days, and certify in writing to the Designating Party that the documents have been destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Order for so long as the copies are maintained.  If any Confidential Information has been furnished under this Order to any expert or other third-party, counsel for the party furnishing the Confidential Information shall request in writing that all such Confidential Information, other than that which is contained in pleadings,

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

correspondence, work product, and deposition transcripts, be returned to counsel or destroyed.

### MODIFICATION PERMITTED

22.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order.

### NO WAIVER OF OBJECTIONS

23.     Nothing in this Protective Order shall constitute a waiver of a party's right to object to any Discovery Materials on any grounds or to object to the admission in evidence of Discovery Materials at any motion hearing or trial. Nothing in this Protective Order shall be deemed to expand or limit the permissible scope of discovery in this Litigation.

### RESPONSIBILITY OF ATTORNEYS

24.     The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information.

25.     The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to ¶¶ 10(d), (e), (f), and (i) above.

### SHIPPING PROTECTED MATERIAL

26.     When any party physically ships any Discovery Materials containing personally identifiable information to others designated in this Order as authorized to receive such Discovery Materials, the receiving party will encrypt such electronic data (if the Discovery Materials are in that format) and supply the password in separate correspondence to the recipient.  If the Discovery Materials containing personally identifiable information are in hard copy/paper form, the receiving party will ship the Discovery Materials using secure packaging and a tracking number.  If the receiving party learns at any time that such Discovery Materials may have been

- 11 -

improperly viewed by unauthorized parties during shipment, it will promptly notify the Designating Party and take reasonable measures to retrieve the improperly disclosed Discovery Materials.  This Paragraph does not apply to the exchange of Discovery Materials via e-mail or other electronic transmission.

### NO WAIVER

27.     Nothing herein shall be deemed to waive any applicable privilege, work product protection, or other legal or statutory protection from or prohibition of disclosure, or to affect the ability of a party to seek relief for an inadvertent or unintentional disclosure of Discovery Materials protected by any privilege, work product protection, or other law or statute.  Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent or unintentional production of Discovery Materials subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity in this proceeding or any other federal or state proceeding, either as to specific information in the Discovery Materials or as to any other Confidential Information relating thereto or on the same or related subject matters, if a written request for the return of such documents or information (the "Identified Materials") is made promptly after the producing party or the Designating Party learns of its inadvertent or unintentional production.   Upon such a written request, the receiving party shall return to the Designating Party the Identified Materials.   The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

28.     Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Discovery Materials, whether designated Confidential Information or not.

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

**IT IS SO ORDERED.**

DATED: February 18, 2015        By: _____

HONORABLE RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 13 -
[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California in the

case of *City of Los Angeles v. JPMorgan Chase & Co., et al.*, Case No. 14-CV-

04168.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any matter any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.  I further agree to submit to the jurisdiction of the

United States District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order.


Date: _____

City and State: _____

Printed name: _____

Signature: _____

[PROPOSED] PROTECTIVE ORDER ON STPIULATION
REGARDING CONFIDENTIAL INFORMATION

1

## **CERTIFICATE OF SERVICE**

2

       I hereby certify that on February 2, 2015, I electronically filed the foregoing

3

document using the CM/ECF system which will send notification of such filing to the

4

e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail

5

Notice List.

6

                                                /s/ Andy Katz

7

                                                Andy Katz

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28